UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                      Case No. 18-cv-686-JL

Defense Contract Management Agency;
U.S. Dept. of Defense; and
Mark Esper as Secretary of Defense

**REPORT AND RECOMMENDATION**

Invoking the Administrative Procedure Act ("APA"), see 5 U.S.C. § 551 et seq., pro se plaintiff Sanjeev Lath filed a complaint in this court seeking review of the Defense Contract Management Agency's (DCMA) Equal Employment Opportunity Office's ("EEO") dismissal of his workplace discrimination claim. The EEO dismissed Lath's claim because Lath already had already filed a civil suit addressing the same issues. As a result, the EEO did not reach the merits of Lath's discrimination claim. See Petition (Doc. No. 1-1), at ¶ 99; Lath v. Def. Contract Mgmt. Agency, No. 18-cv-611-LM (D.N.H., filed July 6, 2018; dismissed Mar. 26, 2019). The district judge has referred the defendants' motion to dismiss (Doc. No. 9) to the undersigned magistrate judge for a report and recommendation. See Referral Notice, Oct. 28, 2019. For the reasons that follow, the district judge should grant defendants' motion. The defendants

have agreed to reopen and process the merits of Lath's claims. This case is therefore moot.

## Background

Lath filed a written complaint with the EEO in April 2017, alleging that DCMA took a series of adverse employment actions against him based on his disability and in retaliation for his previous filing of complaints. (Doc. No. 1-1 ¶ 72). In June 2018, Lath filed a small claims complaint in the New Hampshire Circuit Court, seeking monetary damages for certain travel expenses and reimbursement for leave he took during weather emergencies. That case was subsequently removed to this court. See Lath, supra. In July 2018, the EEO complaint was dismissed, because, in large part, it appeared Lath had raised the same issues in court that he had brought to the EEO. See DCMA decision, July 13, 2018 (Doc. 1-2).[1]

Lath filed the instant lawsuit seeking review of the EEO dismissal in August 2018. He claimed that the EEO acted "arbitrarily, capriciously and unreasonably." Complaint (Doc.

---

[1] Eight of Lath's nine claims were dismissed solely because he had filed a civil claim concerning the same allegations. DCMA decision (Doc. No. 1-2) at 3. One claim was dismissed because Lath was seeking enforcement of a prior New Hampshire state court ruling, a remedy beyond the purview of the DCMA EEO's jurisdiction. Id. The EEO did not reach the merits of any of Lath's claims.

No. 1) at 2.  The only specific relief he requested was for this court to "[r]emand the case back to the agency for further processing."  Id. at 3.

In their motion to dismiss, the defendants indicate that they reinstated the entirety of Lath's EEO complaint on September 4, 2019.  Lenocci Aff. (Doc. no. 9-2) at 2.  Lath was notified in writing of the reinstatement, that an investigator would be assigned to his case, and that a final decision would be issued within 120 days of reinstatement.  Id., Attachments 2-3 (Doc. Nos. 9-4 and 9-5).

## Discussion

The defendants argue that their decision to reopen Lath's case and process it on the merits renders this case moot.  The court agrees.

A case becomes moot — and therefore no longer a "Case" or "Controversy" for purposes of Article III of the Constitution - when the factual disputes and legal issues are "no longer live or the parties lack a legally cognizable interest in the outcome. . . . [T]he case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights."  Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citations and internal punctuation omitted).  At the same time, the Court has "explained that a defendant

3

claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. Id.

Here, the only conduct about which Lath complains is the dismissal of his EEO complaint, and the relief he seeks is limited to a declaration that his case was wrongly dismissed and an order remanding the case back to the agency for processing on the merits. He makes no claims for damages resulting from the dismissal. After the defendants have essentially abrogated the dismissal of Lath's case, the legal and factual disputes are no longer "live." Id. Moreover, by appointing an investigator and establishing a timeline for a decision, the defendants have demonstrated that their "behavior" – dismissal without a decision on the merits – "could not reasonably be expected to recur." Id.

In his objection, Lath takes issue only with the defendants' characterization of his requested relief as "injunctive in nature." Def. Mem. (Doc. No. 9-1) at 3; Pltff. Obj. (Doc. No. 11) at 4. This dispute is immaterial. "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." Me. State Bldg. & Constr. Trades Council,

4

AFL-CIO v. U.S. Dep't of Labor, 359 F.3d 14, 17 (1st Cir. 2004) (quoting Me. Sch. Admin. Dist. No. 35 v. Mr. and Mrs. R., 321 F.3d 9, 17 (1st Cir. 2003)).  So it is here.  Plaintiff has gotten the relief he requested.  His case is therefore moot, and it should be dismissed.

## Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case dismiss this case as moot.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 12, 2019

cc:  counsel of record